# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.B. and L.B.**

**No. 18-0373** (Kanawha County 17-JA-504 and 505)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.K., by counsel Sandra Bullman, appeals the Circuit Court of Kanawha County's March 13, 2018, order terminating her parental rights to S.B. and L.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights before first granting her a post-adjudicatory improvement period and by denying her post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 15, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that she had an ongoing substance abuse problem. According to the DHHR, petitioner admitted to a Child Protective Services ("CPS") worker that she used methamphetamine daily and that she cared for her children while under the influence. She also admitted that she allowed others who were under the influence to have contact with her children. The CPS worker witnessed multiple intoxicated people coming in and out of the home. Petitioner also allegedly sold the children's belongings to support her drug habit. Petitioner waived her preliminary hearing. Following the hearing, the circuit court ordered the DHHR to provide services including a forensic parental fitness evaluation, parenting and adult life skills sessions, random drug screens, and supervised visitation with the children contingent upon clean drug screens. Petitioner was also ordered to follow the treatment program and recommendations provided by Recovery Point, an inpatient substance abuse treatment facility.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On January 5, 2018, the circuit court held an adjudicatory hearing. According to the DHHR's status summary, petitioner had been difficult to contact and was inconsistent in participating in services. The DHHR also noted that petitioner signed herself out of Recovery Point without completing the treatment program. Petitioner stipulated to the allegations of abuse and neglect, specifically, that her addiction to substances negatively affected her ability to parent her children. Petitioner moved for a post-adjudicatory improvement period, which the circuit court denied.

On February 23, 2018, the circuit court held a dispositional hearing. Petitioner did not attend the hearing, but was represented by counsel. The DHHR presented testimony that petitioner's compliance with drug screens was inconsistent and that she often failed to call in to screen. Further, petitioner was unable to visit with her children during the proceedings due to her positive and missed drug screens. According to the DHHR, during a multidisciplinary treatment team ("MDT") meeting on February 7, 2018, petitioner explained that she had not been drug screening because she did not have identification; however, she had taken no steps to obtain such identification. She also explained that she attended some parenting sessions, but her parenting services provider was not helpful because they "talked about stuff [petitioner] already [knew]." Further, she explained that she was not in drug treatment, but had weaned herself off of substances on her own. However, following the MDT meeting, petitioner screened positive for amphetamine, methamphetamine, and benzodiazepines. Petitioner's psychological evaluation was admitted into evidence at the dispositional hearing. The evaluator provided a "poor" prognosis for being able to attain minimally adequate parenting within the typical timeframe of an abuse and neglect proceeding.

In its dispositional order, the circuit court found that petitioner failed to participate in random drug screens and parenting and adult life skills sessions. It further found that petitioner "freely [acknowledged] her substance abuse problems," but failed to complete a treatment program during the proceedings. The circuit court also found that petitioner did not have "consistent housing or financial stability." Ultimately, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was in the children's best interests.[2] Petitioner appeals the circuit court's March 13, 2018, dispositional order terminating her parental rights.[3]

The Court has previously established the following standard of review in cases such as this:

[2]The father's parental rights were also terminated. According to the parties, the permanency plan for the children is adoption by their maternal grandparents.

[3]Following the entry of the circuit court's dispositional order, petitioner filed a "motion to reconsider" the termination of her parental rights. We note that petitioner lacked standing to file a motion following disposition. Nevertheless, petitioner argued that, on the day of her dispositional hearing, she attempted to enter into a detoxification program. However, her drug screen on that day was positive for amphetamine and ecstasy. Additionally, according to the hospital records, petitioner was discharged from the hospital on the same day she was admitted without completing detoxification. The circuit court ultimately denied her motion.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in terminating her parental rights without first granting her a post-adjudicatory improvement period. In support, petitioner argues that she "was not given the opportunity to participate in the recommended services" and that she should have been given more time to improve. We do not find this argument persuasive. West Virginia Code § 49-4-610(2) provides that a parent may be granted a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period." Further, the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements.")

Here, petitioner was provided numerous services, including drug screens and parenting and adult life skills sessions, but failed to fully participate. Petitioner argues that the children were placed with their grandparents and would not be harmed if she was given an opportunity to complete inpatient treatment and participate in a post-adjudicatory improvement period. However, during the proceedings, she was unable to visit with the children due to her positive and missed drug screens. Further, she openly admitted to having a substance abuse problem, but failed to complete treatment for her addiction. While she argues that she was seeking treatment at the time of the dispositional hearing, the record shows that she checked into the hospital for detoxification, but left that same day without completing treatment. Further, there is no evidence in the record that she sought any further treatment. Petitioner also argues that she demonstrated that she would comply with an improvement period "by enrolling herself into several programs including an inpatient detoxification program." However, this assertion is not supported by the record, and, again, petitioner failed to complete any treatment during the proceedings. Based on this evidence, petitioner did not prove by clear and convincing evidence that she would be likely to participate in a post-adjudicatory improvement period and, therefore, failed to meet the requisite burden to receive the same. Thus, the circuit court did not err in denying petitioner a post-adjudicatory improvement period prior to terminating her parental rights.

The evidence discussed above also supports the termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) clearly provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts."

As discussed herein, petitioner failed to fully participate in parenting and adult life skills sessions and drug screens. Further, she failed to complete a treatment program during the proceedings and was unable to visit with the children due to missed and positive drug screens. Additionally, petitioner did not obtain consistent housing or financial stability during the proceedings. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that the termination of her parental rights was in the children's best interests. Therefore, we find no error in the termination of petitioner's parental rights.

Next, petitioner argues that the circuit court erred in denying her post-termination visitation with the children because she has a close bond with them. We disagree. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Petitioner was unable to visit with the children during the proceedings because of her positive and missed drug screens. Due to her continued substance abuse issues and her failure to participate in treatment, it is clear that having visitation with petitioner is not in the children's best interests. Therefore, the circuit court did not err in denying post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 13, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment